J-A26013-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HOWARD CARR, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID M. CRAFT, | |
| Appellant | No. 1797 MDA 2013 |

Appeal from the Order Dated September 4, 2013
In the Court of Common Pleas of Northumberland County
Civil Division at No(s): CV-2012-554

BEFORE:  BOWES, MUNDY, and JENKINS, JJ.

MEMORANDUM BY BOWES, J.:                **FILED SEPTEMBER 16, 2014**

David M. Craft has filed the present appeal from a September 4, 2013 order finding him in contempt of court and imposing a sanction of $500. We affirm since Mr. Craft does not actually challenge the order in question.

Appellee Howard Carr instituted this action in partition against Mr. Craft and alleged the following.  The parties owned a parcel of real estate as joint tenants with right of survivorship located in Coal Township, Northumberland County.  A copy of the deed to the real estate in question was attached to the complaint, and the property was titled in the parties' joint names.  Mr. Carr claimed that Mr. Craft occupied the property with another person and to the exclusion of Mr. Carr.  Mr. Carr asked that the property be partitioned, that he be awarded rental for Mr. Craft's sole

occupancy of the real estate, and that he be awarded attorney's fees and various costs.

In his answer and counterclaim, Mr. Craft admitted that the subject property was titled in both parties' names, but averred the following. The property operated as Mr. Craft's primary residence. Mr. Carr executed a note and mortgage on the property solely as an accommodation party. Mr. Craft made the down payment on the premises and had satisfied all the mortgage payments and other expenses associated with its upkeep, whereas Mr. Carr had contributed no money toward either the purchase or maintenance of the real estate. Mr. Craft asked that the "parcel of real estate be partitioned" and that he "be awarded the subject property which is his primary residence[.]" Answer and Counterclaim, 4/19/12, at 3. Mr. Craft additionally requested that he not be required to pay Mr. Carr any damages and that he be awarded attorney's fees and various costs.

Mr. Carr then moved for an order directing partition pursuant to Pa.R.C.P. 1557. That rule states in relevant part that if the trial court "determines that there shall be partition because of a default or admission or after a hearing or trial, the court shall enter an order directing partition which shall set forth the names of all the co-tenants and the nature and extent of their interests in the property." After an un-transcribed hearing, the trial court executed an order dated September 19, 2012. That order provided:

> 1) Defendant David M. Craft shall have a period of ninety (90) days in which to arrange for the purchase of the property listed in the complaint, or to otherwise arrange an agreement satisfactory to both parties and to any creditors that accomplishes the goal of removing Plaintiff Howard Carr from the title and mortgage on the property listed in the complaint.
>
> 2) Should Defendant [David Craft] be unable to satisfy the terms of this court order in the prescribed period, the property shall be listed for sale with a bona fide realtor agreed upon by both parties.
>
> 3) Should the parties be unable to agree upon a realtor within fifteen (15) days, they shall notify the Court, and the Court will select a realtor with which to list the property for sale.

Trial Court Order, 9/19/12, at 1.

On January 7, 2013, Mr. Craft filed a motion for clarification of the order, but the motion essentially operated as objections to it. He asserted that, despite the fact that Mr. Carr's name was on the deed, he was the sole owner of the property. Mr. Craft again claimed that Mr. Carr was a signatory to the mortgage merely as an accommodation. Mr. Craft asked that the *status quo* be maintained since the mortgage was not in default. That motion was not resolved.

On January 15, 2013, Mr. Carr filed a motion to compel a real estate listing. Therein, he averred that the September 19, 2012 order operated as an order in partition. He stated that Mr. Craft had not refinanced the mortgage or purchased the property and that the parties could not agree on a realtor. Mr. Carr asked that the property be listed for sale. On January 17, 2013, Mr. Carr's request was granted, the trial court appointed

a realtor from Danville to sell the property, and the court ordered and directed the parties to "execute a Standard Listing Agreement for the Real Estate within five (5) days of the Court's Order." Order of Court, 1/17/13, at 1.

On February 20, 2013, Mr. Carr filed a petition for contempt averring that Mr. Craft had failed to execute the real estate listing, as required by the January 17, 2013 order. The petition for contempt was granted by order dated September 4, 2013. Sanctions were also imposed in the order in that Mr. Carr was awarded $500 in attorney's fees, which were to be deducted from Mr. Craft's portion of the proceeds of the sale of the property.

Mr. Craft filed the present appeal from the September 4, 2013 order finding him in contempt. However, his challenges on appeal all relate to the propriety of the September 19, 2012 order that required him either to enter satisfactory arrangements with Mr. Carr regarding the mortgage and sale of the property or to list the property for sale.[1] He raises no objections to the

_____

[1] The issues raised in this appeal are:

I. Did the Court err in denying Defendant's, Mr. David M. Craft's, request that Plaintiff, Mr. Howard Carr, be ordered to specifically perform his guarantee of Mr. Craft's home loan in the above entitled action and is said decision inequitable in light of the interests of Mr. Craft who has a reasonable expectancy in the transaction, is making his payments and has expended substantial sums in establishing himself in the home and in repairing and renovating the same?

*(Footnote Continued Next Page)*

propriety of the order finding him in contempt of the January 17, 2013 order, which clearly required Mr. Craft to execute a listing agreement.

Initially, we observe that the September 4, 2013 order finding Mr. Craft in contempt and awarding Mr. Carr sanctions is an appealable order. **Rhoades v. Pryce**, 874 A.2d 148 (Pa.Super. 2005) (order finding litigant in contempt and imposing sanctions is final and appealable). While Mr. Craft ostensibly filed this appeal from that order, it is clear that this appeal does not involve the contempt order to any extent. Rather, the present appeal solely pertains to the propriety of the September 19, 2012 order. Mr. Carr filed a motion to quash, arguing that this appeal is untimely.

*(Footnote Continued)* ───────────────

> II. Did the Court err in not applying the doctrine of promissory estoppel to hold Plaintiff, Mr. Howard Carr, to his guarantee of Defendant's, Mr. David M. Craft's, home loan in the above entitled action and is said decision inequitable in light of the interests of Mr. Craft who has a reasonable expectancy in the transaction, is making his payments and has expended substantial sums in establishing himself in the home and in repairing and renovating the same?
>
> III. In light of Plaintiff Carr's admission through counsel that he claims no interest in the real property and that he was able to obtain credit with the existence of this mortgage obligation, is simply forcing the sale of a party's home to satisfy Mr. Howard Carr's arbitrary and capricious personal falling out with Defendant Craft inequitable and an abuse of discretion?

Appellant's brief at 3. It is unclear if any of these issues were preserved below. However, Mr. Craft appears to be asserting a claim to sole ownership of the property and that Mr. Carr was an accommodation party on the mortgage, which he raised in his counterclaim. He also is objecting to a forced sale of the property and seeks to maintain the *status quo*, as outlined in his motion asking that the September 19, 2012 order be clarified.

- 5 -

Mr. Craft counters that this appeal is not untimely because the September 19, 2012 order is interlocutory. We conclude that we lack jurisdiction at this juncture over the September 19, 2012 order.

We observe that the September 19, 2012 order can be construed as one effectuating a partition since it was entered in response to Mr. Carr's request for partition and since it required Mr. Craft either to purchase the real estate and remove Mr. Carr's name from the mortgage or to sell it. An order directing partition is an interlocutory order appealable as of right under Pa.R.A.P. 311(a)(7) (An appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from . . . . [a]n order directing partition"). Mr. Craft could have appealed from the September 19, 2012 order within thirty days of its entry but failed to do so.

In this appeal, he is precluded from challenging the propriety of the September 19, 2012 order in this Court until a final resolution, on the merits, of this matter. Pa.R.A.P. 311(g), waiver of objections, states that if an interlocutory order is made immediately appealable under that rule, the failure to appeal under subdivision (a), which applies herein, "shall not constitute a waiver of the objection to the order and the objection may be raised on any subsequent appeal in the matter from a determination on the merits." At this point, there has been no determination on the merits since the trial court has yet to decide the respective interests of the parties,

whether damages are to be awarded, and how the proceeds of the sale are to be distributed.

Mr. Craft presents an alternative characterization of the September 19, 2012 order. He insists that it was merely an interlocutory order mandating the sale of the real estate. Appellant's brief at 11. Even if the order is not one directing partition but merely interlocutory, we nevertheless lack jurisdiction over it. An appeal "may only be taken from: 1) a final order or one certified by the trial court as final; 2) an interlocutory order as of right; 3) an interlocutory order by permission; or 4) a collateral order." **Estate of Considine v. Wachovia Bank**, 966 A.2d 1148, 1151 (Pa.Super. 2009) (citation omitted). The September 19, 2012 order fails to fall within any of those categories.

It is apparent from the parties' position that we cannot review the property of the September 19, 2012 order in this appeal. The appeal herein either is an untimely as to that order, if it effectuated partition, or is from an interlocutory order directing the sale of real property. Furthermore, Appellant fails to present any challenges to the final contempt order from which this appeal was properly filed. Hence, we must affirm that order.

Motion to quash appeal is denied.  Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/16/2014