J-S14027-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SOLAR INNOVATIONS, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| J. MICHAEL PLEVYAK | : | |
| | : | |
| Appellant | : | No. 1446 MDA 2020 |

Appeal from the Order Dated October 23, 2020
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-2072-2011


BEFORE:  BOWES, J., DUBOW, J., and MUSMANNO, J.

JUDGMENT ORDER BY DUBOW, J.:            **FILED NOVEMBER 23, 2021**

Appellant, J. Michael Plevyak, appeals from the order holding him in civil contempt for failure to file a detailed accounting. After careful review, we quash this appeal as interlocutory.

In September 2011, Appellee, Solar Innovations, Inc. ("Solar"), filed suit against Appellant, a former employee, for Appellant's destruction and misappropriation of Solar's proprietary information. In 2012 and 2013, Appellant liquidated his two personal bank accounts, withdrawing $334,641.72 in cash. On March 8, 2015, Solar obtained a $1,182,361.31 judgment against Appellant in the underlying case.

Through discovery in aid of executing on its judgment, Solar learned of Appellant's cash withdraws. Appellant failed to meaningfully answer Solar's discovery requests about the disposition of the cash. As a result, the court entered orders on June 10, 2019, and October 15, 2019, commanding

Appellant to disclose the whereabouts of the $334,641.72 and file a detailed accounting of its disposition ("Accounting Orders").[1]

When Appellant did not respond to the Accounting Orders, on December 16, 2019, Solar filed a Petition to hold Appellant in contempt of court. In response, on December 19, 2019, Appellant served upon Solar a partial, approximated accounting. The accounting accounted for only $231,000, included only round numbers, listed no dates or detailed facts about the disposition of the funds, and included no supporting documentation.

The court held a hearing on Solar's Contempt Petition on June 25, 2020. On October 23, 2020, the trial court entered an order and opinion finding Appellant in contempt for violating its Accounting Orders that directed Appellant to file a detailed accounting. **See** Trial Ct. Op., 10/23/20, at 8-9. It ordered Appellant to file an accounting to account for all expenditure of the $334,641.72, and scheduled a future hearing to "determine, based on the accounting and the testimony, how much money, if any, [Appellant] must post[.]" Trial Ct. Or., 10/23/20, at ¶¶ A-C. Finally, it ordered that if Appellant failed to comply with the contempt order, the court would sentence him to incarceration beginning a week after the hearing. **Id.** at 1.

Appellant filed a Notice of Appeal on November 9, 2020. Both he and the trial court complied with Pa.R.A.P. 1925. On appeal, Appellant raises five

---

[1] Additionally, in its June 10, 2019 Order, the court commanded Appellant to deposit any remaining funds with the Schuylkill County Prothonotary. Trial Ct. Or., 6/10/19, at ¶ C. In its October 15, 2019 Order, the court additionally awarded Solar $1,000 in counsel fees. Trial Ct. Or., 10/15/19, at ¶ D.

issues challenging the trial court's order finding him in contempt. Appellant's Br. at 5-6.

Before addressing the merits of Appellant's claims, we must determine if this appeal is properly before us. **See Kulp v. Hrivnak** 765 A.2d 796, 798 (Pa. Super. 2000) (holding that it is incumbent upon this Court to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order). "A contempt order is appealable where the order constitutes a final one that imposes sanctions upon the offending party." **Takosky v. Henning**, 906 A.2d 1255, 1258 (Pa. Super. 2006) (citation omitted); Pa.R.A.P. 341(a) ("an appeal may be taken as of right from any final order").

Importantly, where a contempt order contemplates further proceedings, it fails to meet the finality requirement of disposing of all claims and all parties and is not appealable. **K.M.G. v. H.M.W.**, 171 A.3d 839, 842 (Pa. Super. 2017). **See also Rhoades v. Pryce**, 874 A.2d 148, 151 (Pa. Super. 2005) ("for a contempt order to be properly appealable, it is [] necessary that . . . no further court order be required before the sanctions take effect.").

Here, in its October 23, 2020 Order, the court found Appellant in contempt of its Accounting Orders. Trial Ct. Or., at 1. It ordered that as a sanction, it would incarcerate Appellant beginning December 23, 2020. **Id.** To purge his contempt citation, the court ordered Appellant to file a detailed accounting on or before November 30, 2020. **Id.** at ¶¶ A-B. The court further scheduled a hearing for December 15, 2020, to determine the amount of money Appellant would have to post to purge the contempt citation:

- 3 -

C. A hearing on Defendant's accounting will be held on December 15, 2020 at 9:30am in Courtroom 7, located on the second floor of the Schuylkill County Courthouse. **At that time the [c]ourt will determine, based on the accounting and the testimony, how much money, if any, [Appellant] must post in order to purge his jail sentence.**

*Id.* at ¶ C.[2]

Appellant, however, on November 6, 2020, appealed this court order. Thus, the trial court never held the December 15, 2020 hearing to determine the amount of money Appellant would have to post to purge the contempt citation. Since the trial court's contempt order contemplated a future proceeding at which it would set a purge condition, and Appellant filed the instant appeal before that hearing occurred, the contempt order was not final. The order is, therefore, interlocutory and not appealable. As a result, we are compelled to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021

---

[2] The trial court's contempt order also requires that Appellant pay Solar $2,000 in counsel fees. Trial Ct. Or., at ¶ D.