J-A28031-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JENNIFER KOCHAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JON J. KOCHAN | : | |
| | : | |
| Appellant | : | No. 473 MDA 2021 |

Appeal from the Order Entered March 18, 2021
In the Court of Common Pleas of Wyoming County Civil Division at
No(s):  2014-01172

BEFORE: LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED DECEMBER 21, 2021**

Appellant Jon J. Kochan (Husband) appeals from the order finding him in contempt.  Husband contends that the record does not support the trial court's order granting the petition for contempt filed by Jennifer Kochan (Wife).  We affirm.

We adopt the trial court's presentation of the facts and procedural history.  **See** Trial Ct. Op., 6/11/21, at 1-2 (unpaginated); **see also Kochan v. Kochan**, 1291 MDA 2019, 2020 WL 6219573 (Pa. Super. filed Oct. 22, 2020) (unpublished mem.) (summarizing the parties' lengthy litigation history).  Briefly, on September 14, 2018, the divorce master ordered Husband to remove his personal belongings from the marital property, which

_____

[*] Former Justice specially assigned to the Superior Court.

Wife occupied, within thirty days. Trial. Ct. Op. at 1. Husband failed to comply, and on October 19, 2018, Wife filed a petition for contempt. Pet. for Contempt, 10/19/18. On October 31, 2018, the trial court granted the petition, held Husband in contempt, and ordered that Husband could purge himself of contempt by removing his personal belongings, including two non-operable vehicles, within sixty days. Order, 10/31/18.

In late December 2018,[1] Husband removed some, but not all, of his personal belongings, and on December 28, 2018, Husband filed a petition for a sixty-day extension of time. Pet. for Extension of Time, 12/28/18. On January 2, 2019, the trial court denied Husband's petition for extension of time. Order, 1/2/19.

On July 19, 2019, Wife filed another petition for contempt, which alleged that she incurred expenses in removing Husband's remaining personal property, excluding the two non-operable vehicles, from the marital property.[2] Pet. for Contempt, 7/19/19. On January 25, 2021, Wife filed an amended petition for contempt, which reiterated her request for the trial court to find

---

[1] Husband's petition for extension of time references December 21st as the date, but the parties testified at a subsequent hearing that December 23rd was the date. *See, e.g.*, R.R. at 59a. We may cite to the reproduced record for the parties' convenience.

[2] Because Husband appealed to this Court in an unrelated matter, the trial court had stayed Wife's contempt petition until this Court resolved the appeal, which occurred on October 22, 2020. Order, 8/9/19; *see generally **Kochan***, 2020 WL 6219573, at *1.

Husband in contempt of the October 31, 2018 order by failing to remove all of his belongings. Am. Pet. for Contempt, 1/25/21.

The trial court held an evidentiary hearing on March 17, 2021, at which Husband testified. In relevant part, Husband testified that it "was impossible" for him to remove his belongings "because they were not in the same placement as they were when [he] left." R.R. at 47a. Husband testified that movers and a constable were present, but that his belongings were not boxed and thrown in a pile. *Id.* at 60a. Husband asserted that his belongings were also arranged around his two non-operable vehicles, which he claimed prevented him from complying fully with the trial court's October 31, 2018 order. *Id.* at 47a, 61a. Husband also alleged that Wife's family prevented him from removing his belongings and that some of his belongings were missing. *Id.* at 51a, 60a. Husband estimated that the movers could only remove half of the items and neither vehicle. *Id.* at 47a, 60a-61a. Husband claimed that Wife told him that he was not allowed to return on another day to retrieve his remaining belongings. *Id.* at 60a, 63a.

Wife denied that she and her family interfered with or otherwise prevented Husband and the movers from removing his personal items. *Id.* at 73a, 76a. Wife testified that she contacted the movers, who told her that although they were scheduled to return before the court-ordered deadline, Husband could not schedule the constable. *Id.* at 76a. Wife testified that she then contacted the constable, who advised her that Husband told the

constable that Husband could not schedule the movers. *Id.* Wife also testified that she placed Husband's remaining items, excluding his two vehicles, into a dumpster that was removed in February 2019. *Id.* at 69a-70a, 79a. Wife explained that she could not have a junk company remove Husband's two vehicles without their titles, which Husband refused to provide. *Id.* at 72a.

Following the hearing, the trial court granted Wife's petition on March 18, 2021:

> AND NOW, this 17th day of March, 2021, after full hearing in the above-captioned matter, the court finds [Husband] in contempt of court.
>
> IT IS FURTHER ORDERED that disposition of the contempt shall be held in abeyance to allow [Husband] to purge himself of the contempt by completing the following items no later than thirty (30) days from today's date:
>
> 1. Payment to [Wife's counsel] in the amount of $630.00 for dumpster reimbursement.
>
> 2. Payment to [Wife's counsel] in the amount of $750.00 for legal fees.
>
> 3. Deed for the marital property to be executed by [Husband].
>
> 4. The two (2) remaining vehicles on the marital residence to be removed at the cost of [Husband], with [Wife] assuring that access to all vehicles is free and clear.
>
> 5. QDRO to be executed by the parties as outlined by the Master's report from October of 2014.
>
> IT IS FURTHER ORDERED that in the event that [Husband] complies with the above items, the contempt disposition hearing in the above-captioned matter shall be dismissed.

> IT IS FURTHER ORDERED in the event that the above items have not been complied with, counsel for [Wife] shall petition for [a] disposition hearing. . . .

Order, 3/18/21 (formatting altered).[3]

On April 16, 2021, Husband timely appealed, and he timely filed a court-ordered Pa.R.A.P. 1925(b) statement.[4]

_____

[3] The order was docketed on March 18, 2021.

[4] On May 13, 2021, this Court issued a rule to show cause ordering Husband to explain why the March 18, 2021 order is final and appealable. Order, 5/13/21. On May 21, 2021, Husband filed a response, and on May 25, 2021, this Court discharged the rule. Order, 5/25/21. In **Foulk v. Foulk**, 789 A.2d 254 (Pa. Super. 2001) (*en banc*), the *en banc* Court reasoned as follows:

> When a contempt order that imposes sanctions also contains a purge condition, the purge condition does not transform a final, appealable order into one that is interlocutory. If that were so, a contemnor in a civil contempt action would not be able to appeal the contempt order until he/she was incarcerated or had paid the sums owing as sanctions for contempt. It seems inappropriate and unnecessarily harsh for a contemnor in a civil contempt action to undergo incarceration or fulfill another sanction before this Court will accept an appeal of a contempt order. Rather, we conclude that, for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect.

**Foulk**, 789 A.2d at 258; **accord E.M.R. v. C.A.F.**, 1396 MDA 2018, 2021 WL 1027103 (Pa. Super. filed Mar. 17, 2021) (unpublished mem.). **See generally** Pa.R.A.P. 126(b) (noting that unpublished memorandum decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value). We add that when counsel fees are imposed as a sanction, then the contempt order is final and appealable. **Rhoades v. Pryce**, 874 A.2d 148, 151 (Pa. Super. 2005) (*en banc*).

*(Footnote Continued Next Page)*

Husband raises the following issues on appeal:

1. Whether the trial court committed a plain abuse of discretion in its court order . . . dated March 17, 2021, in finding [Husband] in contempt of court?

2. Whether the findings of fact of the trial court were supported by substantial evidence?

Husband's Brief at 4.

We summarize Husband's arguments for both of his issues. In Husband's view, he removed most, but not all, of his belongings from the marital residence. *Id.* at 15. Husband reasons that Wife and her family prevented him from completing the removal of his belongings including his

_____

We acknowledge that the last paragraph of the trial court's order allows for a further hearing in the event that Husband failed to comply with the purge conditions. Order, 3/18/21. In determining the appealability of a contempt order, we examine whether the order at issue imposes sanctions or if further court order is required before the sanctions take effect. *See Foulk*, 789 A.2d at 258; *accord Rhoades*, 874 A.2d at 151. Here, the instant trial court's March 18, 2021 order imposes purgeable sanctions of, among other items, counsel fees. *See Rhoades*, 874 A.2d at 151; *Foulk*, 789 A.2d at 258. The language in the trial court's order indicates that the sanctions would take immediate effect. *See Foulk*, 789 A.2d at 258 (holding it unnecessary for a contemnor to pay sums owed as sanctions for contempt before appealing); *accord J.M. v. K.W.*, 164 A.3d 1260, 1264 (Pa. Super. 2017) (*en banc*) (stating, "it is beyond cavil that a finding of contempt is final and appealable when a sanction is imposed" (citation omitted)); *Lachat v. Hinchcliffe*, 769 A.2d 481, 488 (Pa. Super. 2001) (stating, "[u]ntil sanctions are actually imposed by the trial court, an order declaring a party to be in contempt is interlocutory and not appealable" (citation omitted)). Because the trial court's sanctions were effective immediately on Husband, we conclude the March 18, 2021 order is final and appealable. We note that to minimize any potential confusion, the trial court may wish to explicitly state whether its sanctions have immediate effect.

two vehicles. *Id.* at 15-16, 20-21. Husband contends that due to Wife's alleged interference, which was beyond his control, he was unable to comply with the trial court's order to remove all of his belongings by December 30, 2018. *Id.* at 16. For those reasons, Husband petitioned the trial court for an additional sixty days within which to finish removing his property, but the trial court denied the petition. *Id.* at 16-17. Husband concludes that he did not willfully disobey the trial court because he did not have the ability to comply. *Id.* at 18-19.

In *B.A.W. v. T.L.W.*, 230 A.3d 402 (Pa. Super. 2020), this Court set forth the standard of review:

> This court's review of a civil contempt order is limited to a determination of whether the trial court abused its discretion. If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused.
>
> In order to establish that a party is in civil contempt, there must be proof by a preponderance of the evidence that the contemnor had notice of the specific order that he or she is alleged to have disobeyed, that the act that constituted the contemnor's violation was volitional, and that the contemnor acted with wrongful intent.
>
> . . . The power to punish for contempt, including the power to inflict summary punishment, is a right inherent in the courts and is incidental to the grant of judicial power under the Constitution. The court may order civil or criminal contempt.
>
> The characteristic that distinguishes civil from criminal contempt is the ability of the contemnor to purge himself of contempt by complying with the court's directive. If he is given an opportunity to purge himself before imposition of punishment, the contempt

order is civil in nature. If the purpose of the order is to punish despite an opportunity to purge, the order is criminal in nature.

A court may exercise its civil contempt power to enforce compliance with its orders for the benefit of the party in whose favor the order runs but not to inflict punishment. A party must have violated a court order to be found in civil contempt. The complaining party has the burden of proving by a preponderance of evidence that a party violated a court order.

However, a showing of non-compliance is not sufficient in itself to prove contempt. If the alleged contemnor is unable to perform and has in good faith attempted to comply with the court order, contempt is not proven. The alleged contemnor has the burden of proving the affirmative defense that he has the present inability to comply with the court order. A court cannot impose a coercive sentence conditioned on the contemnor's performance of an act which is incapable of performance. To impose civil contempt the trial court must be convinced beyond a reasonable doubt from the totality of evidence presented that the contemnor has the present ability to comply with the order.

**B.A.W.**, 230 A.3d at 406-07 (citations and footnote omitted and formatting altered).

With respect to weighing testimony, this Court stated as follows:

The trial court, not the appellate court, is charged with the responsibilities of evaluating credibility of the witness and resolving any conflicts in the testimony. In carrying out these responsibilities, the trial court is free to believe all, part, or none of the evidence. When the trial court's findings are supported by competent evidence of record, we will affirm, even if the record could also support an opposite result.

**Interest of D.G.**, 241 A.3d 1230, 1241 (Pa. Super. 2020) (citation omitted and formatting altered).

In **Childress v. Bogosian**, 12 A.3d 448 (Pa. Super. 2011), the husband appealed from the trial court's order granting the wife's petition to hold the

husband in contempt. ***Childress***, 12 A.3d at 465. The trial court acknowledged that the husband's and the wife's testimony "conflicted on the issue of contempt," but held that the "wife's testimony and evidence was credible, and [the] husband's testimony and evidence was not credible . . . ." ***Id.*** at 466 (citation omitted and formatting altered). The ***Childress*** Court affirmed because the trial court disbelieved the husband's testimony, and the record supported the trial court's findings. ***Id.***

Instantly, on this record, Husband's and Wife's testimony conflicted over Husband's ability to comply with the trial court's order to remove his belongings prior to December 30, 2018. ***Compare, e.g.***, R.R. at 60a-61a, ***with id.*** at 73a, 76a. Like the ***Childress*** Court, it was for the instant trial court to weigh Husband and Wife's conflicting testimony and to determine credibility. ***See Childress***, 12 A.3d at 466. To paraphrase the ***Childress*** Court, the record supports the instant trial court's determination that Husband had the ability to comply with the trial court's order to remove his belongings before the deadline. ***See id.*** The trial court credited Wife's testimony that Wife and her family did not interfere with Husband's removal of his personal property and that he could have finished removing his belongings before the deadline. ***See*** R.R. at 73a, 76a. Accordingly, the trial court did not abuse its discretion in its March 18, 2021 order that included the directives that Husband remove his personal property and reimburse Wife for the costs

associated with the disposal of Husband's belongings. ***See B.A.W.***, 230 A.3d at 406-07. For these reasons, we affirm.

Order affirmed.

Judgment Entered.

*Joseph D. Seletyn*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/21/2021

IN THE COURT OF COMMON PLEAS OF THE 44TH JUDICIAL DISTRICT
WYOMING COUNTY BRANCH – CIVIL DIVISION

JENNIFER KOCHAN,
    Plaintiff

                                    :        CIVIL ACTION – LAW

vs.

JON J. KOCHAN,
    Defendant               :        NO. 2014-CV-1172

**Michael A. Shotto, Jr., Esquire – Counsel for Plaintiff**
**Andrew Katsock, III, Esquire – Counsel for Defendant**

## OPINION

**Shurtleff, P.J., June 11, 2021:**

This Opinion is in support of this Court's Order dated March 17, 2021.

## I.    FACTUAL BACKGROUND

This matter came before the Court on Plaintiff's Petition for Civil Contempt. Plaintiff is Jennifer Kochan (hereinafter "Plaintiff") and Defendant is Jon Kochan (hereinafter "Defendant"). By way of background, Plaintiff had filed a previous Petition for Contempt on or about October 19, 2018 against Defendant. (H.T. 3/17/21, pp. 10, 33). After hearing thereon, this Court entered an Order dated October 31, 2018 finding Defendant in contempt for failing to remove his personal property from the marital residence within the Ordered time frame and directing that Defendant could purge himself of that contempt by removing his personal property within sixty (60) days. (H.T. 3/17/21, pp. 10, 29). The Order further indicated that if Defendant failed to remove the property within that time frame, Plaintiff could remove the same with the costs being the responsibility of Defendant.

Defendant failed to remove his personal property within the sixty (60) day time frame

and filed a Petition for Extension of Time. Said Petition was denied by this Court by Order dated January 2, 2019. At the end of February 2019, Plaintiff incurred costs for removal of the property through the rental of a forty (40) yard dumpster in the amount of Six Hundred Thirty Dollars ($630.00). (H/T/ 3/17/21, pp. 11, 14-15, 34-35). Defendant had also left two (2) vehicles at the marital residence. (H.T. 3/17/21, p. 12). Defendant has refused to turn over the titles and keys to the vehicles. (H.T. 3/17/21, pp. 12-13, 36-37). Plaintiff will have to pay Fifty-Five Dollars ($55.00) per each vehicle to have the title transferred to Plaintiff so she may have the vehicles removed. (H.T. 3/17/21, p. 37).

Following the hearing in this matter, the Court found Defendant in contempt of Court and Ordered that he pay counsel for Plaintiff Six Hundred Thirty Dollars ($630.00) for reimbursement of the dumpster fee, that he pays Seven Hundred Fifty Dollars ($750.00) for reimbursement of counsel's fees and that the two (2) remaining vehicles be removed at the cost of Defendant. The Order further ordered that in the event Defendant complied with the Order, the Contempt proceedings would be dismissed and that if Defendant did not comply, Plaintiff shall Petition for a Disposition hearing. Defendant has appealed that Order and this matter is now ripe for discussion.

## II. DISCUSSION

A plaintiff may file a petition for civil contempt with the Court alleging that the defendant has violated any provision of an order or consent agreement. 42 Pa.C.S.A. §62A15(a). Upon finding a violation of a court order, the court either pursuant to the petition for civil contempt or on its own accord, may hold the defendant in civil contempt and constrain the defendant in accordance with the law. 42 Pa.C.S.A.§62A15(b).

In the instant matter, Plaintiff filed her original Petition for Contempt on or about October



19, 2018. A hearing was held thereon and by Court Order dated October 31, 2018, this Court found Defendant in contempt for his failure to remove his personal property from the marital residence with this Court allowing Defendant sixty (60) days to purge himself of that contempt. Defendant failed to do so. Defendant filed an Extension of Time to Remove the Property on or about January 2, 2019 which was denied by this Court. Defendant still failed to remove his property and as such, Plaintiff incurred costs to remove the same and was forced to file another Petition for Contempt on or about July 17, 2019. Following a hearing thereon, and the Court finding that Defendant has failed to comply with several of this Court's Orders, the Court found him in contempt and directed Defendant to reimburse Plaintiff for her costs and counsel's fees related to the same. Rather than paying the same, Defendant has filed the instant appeal.

## III.   CONCLUSION

Based upon the above, this Court entered its March 17, 2021 Order.

**BY THE COURT,**

_____ P.J.
RUSSELL D. SHURTLEFF,
President Judge

cc:
Michael A. Shotto, Jr., Esquire
Junker & Shotto
297-299 Peirce Street
Kingston, PA  18704

Andrew Katsock III, Esquire
15 Sunrise Drive
Wilkes-Barre, PA  18705

6/11/21