Janusz WOLANIN and Maria Wolanin, His Wife, Appellees,

v.

Clinton HASHAGEN and Caroline Hashagen, His Wife, Appellants.

Superior Court of Pennsylvania.

Argued May 13, 2003.

Filed July 11, 2003.

R. James Kamage, Forty Fort, for appellants.

Steven M. Greenwald, Wilkes–Barre, for appellees.

Before: STEVENS, LALLY–GREEN, and KLEIN, JJ.

LALLY–GREEN, J.

¶ 1 Appellants, Clinton and Caroline Hashagen, appeal from the contempt order entered on May 2, 2002. We remand for further proceedings.

¶ 2 The underlying action concerns ownership and use of a pond. On July 30, 1992, Plaintiffs/Appellees Janusz and Maria Wolanin ("the Wolanins") filed an action to determine ownership of the pond. On January 20, 1995, the trial court issued a final decree. The court ruled that the Wolanins owned the pond, and that Appellants are prohibited from using it. On October 30, 1995, this Court affirmed the final decree. *Wolanin v. Hashagen,* 449 Pa.Super. 712, 673 A.2d 413 (1995). Our Supreme Court denied Appellants' petition for allowance of appeal on May 20, 1996. *Wolanin v. Hashagen,* 544 Pa. 661, 676 A.2d 1201 (1996).

¶ 3 On November 16, 2001, the Wolanins filed a Motion for Finding of Contempt and Imposition of Sanctions and Penalties. The Wolanins alleged that Appellants were continuing to use the pond in violation of the court's 1995 order. The Wolanins sought a contempt order along with further action such as reimbursement of attorneys' fees and costs, imposition of fines,

and enforcement of the decree by local law enforcement. Docket Entry 28. Appellants filed an answer, new matter, and counterclaim.

¶ 4 The trial court held an evidentiary hearing on April 16, 2002. On May 2, 2002, the trial court issued an order, which reads in relevant part as follows:

1. [The Wolanins'] motion for finding of contempt is GRANTED.

2. [Appellants] are in contempt of the Final Order of January 20, 1995.

3. [Appellants] are directed to comply with the Order of January 20, 1995.

4. [Appellants] shall post bond in the amount of $25,000.00 with the Prothonotary conditioned upon their compliance with the Order of January 20, 1995 with such surety as the Court may approve.

5. [Appellants'] Counterclaim is DENIED AND DISMISSED.

Docket Entry 34. The court did not issue findings of fact in connection with this order.

¶ 5 On May 10, 2002, Appellants filed a "Post Trial Motion for Reconsideration and Clarification of the Order of May 2, 2002 or to Remove Contempt Order or Grant Rehearing." The trial court denied this motion on May 24, 2002. On the same day, Appellants posted a $25,000.00 bond, payable to the Commonwealth of Pennsylvania, which states in relevant part: "Now, the condition of this obligation is such, that if [Appellants comply with the 1995 order], then this obligation shall be void, otherwise it shall be and remain in full force and

effect." Docket Entry 38. Appellants posted their residence and property as collateral for the bond.

¶ 6 Appellants filed a timely notice of appeal on May 30, 2002.[1] On appeal, Appellants argue that: (1) there was no evidence that Appellants violated the 1995 order; (2) the contempt order failed to address Appellants' defense that the Wolanins have caused the pond to encroach onto Appellants' own and; and/or (3) the contempt order requires clarification.[2]

■ ¶ 7 Before addressing these claims, we must determine whether the contempt order is appealable. *Foulk v. Foulk,* 789 A.2d 254, 257 n. 1 (Pa.Super.2001) (*en banc*). Generally, an order finding a party in contempt is interlocutory and unappealable unless the order also imposes sanctions. *Id.* at 257. One frequently-litigated issue in this area involves conditional sanction orders. Such orders impose a sanction, but also include a purge condition (*i.e.,* a means for avoiding the sanction). In *Foulk,* this Court recently clarified that such orders are appealable:

> When a contempt order that imposes sanctions also contains a purge condition, the purge condition does not transform a final, appealable order into one that is interlocutory. If that were the case, a contemnor in a civil contempt action would not be able to appeal the contempt order until he/she was incarcerated or had paid the sums owing as sanctions for contempt. It seems inappropriate and unnecessarily harsh for a contemnor in a civil contempt action to

1. The trial court did not order Appellants to file a Concise Statement of Matters Complained of on Appeal under Pa.R.A.P.1925, and did not issue a Rule 1925 opinion.

2. We will not restate Appellants' long and detailed Statement of the Question Involved. We note with disapproval that Appellants'

Statement violates Pa.R.A.P. 2116 by exceeding one page and 15 lines. We also remind counsel that a Statement of Questions Involved "must state the question or questions in the briefest and most general terms, without names, dates, amounts, or particulars of any kind." Pa.R.A.P. 2116(a).

undergo incarceration or fulfill another sanction before this Court will accept an appeal of a contempt order. Rather, we conclude that, for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect.

*Id.* at 258.

¶ 8 The *Foulk* Court cited with approval the case of *Steel v. Weisberg*, 368 Pa.Super. 590, 534 A.2d 814 (1987). In that case, the trial court found a party in contempt for failing to answer discovery questions. The court issued a conditional $25.00 sanction: in other words, the party could purge itself of the sanction (and the contempt itself) by answering the discovery questions. This Court held that such an order was final and appealable because the sanction was immediately imposed and no further order was necessary to make it effective. *Id.* This Court reasoned that the order was appealable because it imposed sanctions, even though the court gave the contemnor the power to avoid the sanction. *Id.*

■ ¶ 9 The record reflects that the May 2, 2002 order finds Appellants in contempt and imposes sanctions. Specifically, we conclude that the bond requirement is itself a sanction which cannot be purged. Even though Appellants may not have suffered any immediate out-of-pocket loss by posting a bond, they have nevertheless been required to risk a significant amount of money and the potential loss of their home. The bond is conditioned on their continued compliance with the 1995 order,

but the mechanism for determining such compliance is far from clear. In our view, these additional, severe, uncertain, and long-term risks constitute a sanction. Moreover, no further order is necessary for this sanction to take effect.

¶ 10 Even if the order could be seen as imposing a **conditional** sanction (*i.e.*, Appellants may avoid the sanction of paying $25,000.00 by complying with the 1995 order), we would conclude that the order is appealable. The instant case is even more compelling than *Steel* in favor of finding an appealable order. Here, Appellants have no power to purge themselves of the contempt finding. They have no power to purge themselves of the bond requirement. They may have the power to avoid paying under the terms of the bond, but only by continued compliance with the prior order. Again, it is unclear from the record who would decide that Appellants are in compliance, or how such a determination would take place. Even if the order grants the contemnor the power to avoid paying under the bond, this fact does not render the contempt/sanction order interlocutory. *Foulk; Steel.* For these reasons, we conclude that the order is appealable.

■ ¶ 11 We now turn to the merits. Appellants concede that they are not permitted to use the pond as it existed in 1995, because at that time, the water line of the pond lay entirely upon the Wolanins' property. Appellants' Brief at 15. Appellants argue, however, that the pond has now **expanded** to encroach at least 20 feet onto Appellants' own land.[3] Appellants further argue that they have used the pond water only to the extent that it has

---

**3.** The Wolanins characterize Appellants' argument as stating that the pond has "risen" between 20 feet and 32 feet. Wolanins' Brief at 13. The Wolanins argue that this position is patently ridiculous. In our view, the Wolanins mischaracterize Appellants' argument.

We perceive Appellants' argument to be that the pond water has encroached **laterally** 20–32 feet onto Appellants' land. Such lateral encroachment would not require the vertical water level of the pond to change by 20–32 feet.

encroached upon their own land. Appellants argue that the record of the contempt proceeding supports their position. *Id.*

¶ 12 The record reflects that the trial court did not issue findings of fact. The lack of such findings severely impedes appellate review of Appellants' central issue.

¶ 13 Accordingly, we remand for the trial court to issue findings of fact. Such findings shall include, but are not limited to, particularized findings as to the merits (if any) of Appellants' defense that the water line has now encroached onto Appellants' land. These findings shall be included within an opinion under Pa.R.A.P. 1925(a).[4] The trial court shall submit its opinion to this Court within 30 days of the date that the trial court receives this Opinion.

¶ 14 Remanded for further proceedings consistent with this Opinion. Panel jurisdiction retained.

---

4. Rule 1925(a) provides:
   Upon receipt of the notice of appeal the judge who entered the order appealed from, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief statement, in the form of an opinion, of the reasons for the order, or for the rulings or other matters complained of, or shall specify in writing the place in the record where such reasons may be found.
   Pa.R.A.P.1925(a).