{¶ 15} I concur with the majority's disposition of appellant's first assignment of error. However, I respectfully disagree with, and dissent from, the majority's ruling as to appellant's twelve other assignments of error.
 {¶ 16} The trial court found appellant guilty of contempt and gave him an opportunity to purge himself of contempt. The majority, citing "Ohio courts," concludes that a contempt citation with conditions is not a final appealable order unless the party held in contempt fails to purge the contempt. However, the only Ohio court cited by the majority in support of this statement is this court (four cases). Cf. Strong v.Strong, 6th Dist. No. L-01-1464, 2002-Ohio-234, 2002 Ohio App. LEXIS 217, at *2 (finding an order of contempt is final and appealable despite purge conditions once the trial court makes a finding of contempt and imposes a sanction or remedy — it does not require that contemnor actually begin to serve his sentence).
 {¶ 17} Our system allows a criminal to enter a plea, as part of a plea bargain, but reserve the right to appeal such issues as the suppression of the evidence. Crim.R. 12(I) ("The plea of no contest does not preclude a defendant from asserting upon appeal that the trial court prejudicially erred in ruling on a pretrial motion, including a pretrial motion to suppress evidence."). Under the majority's view, however, a party held in civil contempt must either cure the contempt or risk punishment, especially if a stay is not granted. This dichotomy makes no logical sense.
 {¶ 18} Moreover, once a party purges the contempt, that party has no issue left to appeal. Caron v. Manfresca (Sept. 23, 1999), 10th Dist. No. 98AP-1399, 1999 Ohio App. LEXIS 4395, at *20 ("The act of purging a contempt prior to appeal renders the appeal of the contempt action moot."); Etienne v. Southern Ohio Transp. Corp. (Mar. 1, 1995), 4th Dist. No. 94 CA 574, 1995 Ohio App. LEXIS 794 (same); Hammond v. Bishop
(Feb. 14, 1991), 8th Dist. No. 60035, 1991 Ohio App. LEXIS 647 (same). The Hobson's choice of purge (to reduce the risk of punishment) or not to purge (to protect one's appeal right), effectively deprives a party of meaningful due process. Wolanin v. Hashagen (July 11, 2003), Pa. Super. No. 869 MDA 2002, 2003 Pa. Super. LEXIS 2066, at ¶ 7 ("It seems inappropriate and unnecessarily harsh for a contemnor in a civil contempt action to undergo incarceration or fulfill another sanction before this Court will accept an appeal of a contempt order [containing a purge condition].") (citations omitted).
 {¶ 19} For these reasons, we should reject the notion that a contempt order, with conditions, is not a final appealable order until a party purges the contempt, and we should address appellant's remaining twelve assignments of error on their merits.