Mary **GUNTHER**

v.

**Robert C. BOLUS, Appellant**

Superior Court of Pennsylvania.

Submitted Feb. 3, 2003.
Filed Jan. 13, 2004.

·Michael C. Kostelaba, Wilkes-Barre, for appellant.

George W. Westervelt, Stroudsburg, for appellee.

Before: STEVENS, KLEIN and BECK, JJ.

KLEIN, J.:

¶1 Robert C. Bolus appeals from the July 15, 2002 order of the Court of Common Pleas of Monroe County holding him in civil contempt for his failure to comply with a prior order prohibiting him from passing over, trespassing on, or otherwise interfering with Mary Gunther's property. Bolus claims that the trial court found no evidence of either intentional disobedience or intentional neglect of the lawful process of the court and thus he cannot be held in civil contempt. He also claims that the

unconditional bond he was required to pay to avoid serving a prison sentence was a criminal penalty, which is impermissible in a civil contempt proceeding. We affirm the trial court's finding of contempt. However, we agree with Bolus that the trial court's imposition of a non-compensatory, unconditional bond requirement was an abuse of discretion. We therefore vacate that portion of the July 15, 2002 order and remand for re-sanctioning.

## I. Introduction

¶ 2 The trial court ordered Bolus not to trespass on Gunther's property. When Bolus violated that order, Gunther moved for a finding of criminal contempt and imposition of sanctions. At the contempt hearing, Gunther orally changed her motion to one for civil contempt. The trial court found Bolus in civil contempt and issued a suspended six-month prison sentence conditioned on his posting of a $5,000 bond and future compliance with its prior order. Bolus claims that although the motion was styled as one for civil contempt and the trial court found him in civil contempt, the trial court actually imposed a criminal sanction.

¶ 3 The proper classification of a contempt adjudication is important because it governs the procedures that must be followed. *Crozer–Chester Med. Ctr. v. Moran*, 522 Pa. 124, 560 A.2d 133, 136 (1989). If the adjudication is criminal, then the contemnor is entitled to all of the procedural rights and safeguards afforded to criminal defendants, including the right to trial by jury. There is nothing inherent in the violation of a court order that renders the violation itself civil or criminal. Rather, it is the judicial response to the violation that determines whether the contempt is civil or criminal. *Id.* at 137. We must look to the nature of the sanction imposed in order to ascertain the trial court's "dominant purpose." *Id.* In the

most basic terms, if the dominant purpose is to coerce the contemnor to comply with a court order, it is civil; if the dominant purpose is to punish the contemnor for a past violation, it is criminal. *Id.*

¶ 4 The typical sanction for civil contempt is remedial in nature. For example, a court may require the contemnor to compensate the opposing party for losses incurred as a result of the violation or reimburse the party's attorneys' fees and costs. It is also common in civil contempt for a court to impose a conditional prison sentence, giving the contemnor an opportunity to purge the contempt and avoid the sentence by compensating the opposing party, paying counsel fees, or doing some other affirmative act within a certain time period.

¶ 5 We conclude that the trial court in this case improperly imposed a criminal sanction without affording Bolus the appropriate procedural safeguards. The trial court ordered Bolus to post bond to avoid serving a prison sentence. However, the bond requirement is neither compensatory nor conditioned on the happening of any event. The order contains no opportunity for Bolus to purge the contempt. This is not a situation where the contemnor is required to post bond until he compensates the opposing party or does some other affirmative act to comply with the court's order. In order for Bolus to comply, he must refrain from acting indefinitely. Therefore, the bond is the equivalent of a fixed fine. This type of punitive sanction is impermissible in a civil contempt proceeding.

¶ 6 A full discussion follows.

## II. Facts and Procedure

¶ 7 Gunther filed a quiet title action seeking to prevent Bolus from using a portion of her land for ingress or egress to and from a property owned by Bolus. By

order dated April 29, 2002, the trial court granted Gunther's motion for summary judgment and further provided that Bolus "shall have no right to pass over, trespass upon or otherwise interfere with Plaintiff's title to and quiet possession of her land." The order also stated that failure to comply would be punishable through contempt proceedings. Bolus appealed, and this Court ultimately affirmed the grant of summary judgment.

¶ 8 Less than one month after the summary judgment order was issued, and while that appeal was pending, Bolus entered Gunther's property to remove barriers Gunther had erected to block the former easement. Gunther filed a motion to find Bolus in contempt, and impose sanctions. At the contempt hearing, Gunther orally changed her motion from one for criminal contempt to civil contempt. At the conclusion of the hearing, the trial court found Bolus in civil contempt and issued a suspended six-month prison sentence conditioned on his posting of a $5,000 bond and faithful compliance with the April 29, 2002 order. Bolus appealed, and we remanded to the trial court for the preparation of a Pa.R.A.P.1925(a) opinion. This matter has now returned to us for review.

## III. Discussion

### A. The trial court properly found that Bolus was in civil contempt of its prior order.

█ ¶ 9 First, Bolus claims that the trial court used an improper legal standard based on its statement at the contempt hearing that "I can find by his own admission that Mr. Bolus did violate my Order. His motives of doing it and his reasons for doing it are really irrelevant." (N.T. Con-

tempt Hearing, 7/15/02, at 16.) Bolus claims that this statement indicates that the court did not find that he had violated the April 29, 2002 order willfully. We disagree.

█ ¶ 10 For a person to be found in civil contempt, the moving party must prove that: (1) the contemnor had notice of the specific order or decree that he disobeyed; (2) the act constituting the violation was volitional; and (3) the contemnor acted with wrongful intent. *Marian Shop, Inc. v. Baird,* 448 Pa.Super. 52, 670 A.2d 671, 673 (1996). The order alleged to have been violated "must be *definite, clear, and specific*—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct" and is to be strictly construed. *Id.* (emphasis in original).[1]

¶ 11 At the hearing, the trial court expressly found that Bolus "willfully failed to comply with an Order of this Court dated April 29, 2002." (N.T. Contempt Hearing, 7/15/02, at 16.) Moreover, in its Rule 1925(a) opinion, the trial court stated:

We find none of Mr. Bolus' arguments convincing. He has a history in this Court of disregarding Court rules and orders. His demeanor at the contempt hearing did convince us that he felt that our Order of April 29, 2002 was anything more than a suggestion. We did not find his attempt to explain his behavior away by claiming he thought his appeal superseded our Order was credible. A finding of contempt was proper because we found that he had intentionally and willfully disregarded our Order.

(Trial Court Op., 10/24/03, at 2.) The opinion makes clear that the trial court found Bolus' failure to comply with the order was volitional and done with wrongful intent.

---

1. Our scope of review of a contempt order is very narrow. We are limited to determining whether the trial court committed an abuse of discretion. In doing so, we place great reliance on the sound discretion of the trial court. *Garr v. Peters,* 773 A.2d 183, 189 (Pa.Super.2001).

¶ 12 The trial court also rejected Bolus' claim that he acted in good faith in violating the April 29, 2002 order because he thought the order was suspended while the summary judgment appeal was pending. The order was clear and unambiguous in prohibiting Bolus from using Gunther's property from that date forward. The trial court also did not believe Bolus' testimony that he unsuccessfully tried to contact a lawyer to find out whether the order was stayed pending appeal. We will not disturb the trial court's credibility determinations. *Garr*, 773 A.2d at 189. The trial court correctly found that Bolus willfully violated its prior order and held him in civil contempt. We find no abuse of discretion.

**B. The trial court improperly imposed a criminal sanction for Bolus' contempt without affording him the proper procedural safeguards.**

¶ 13 Next, Bolus claims that the bond requirement imposed by the trial court is an impermissible sanction for civil contempt. As discussed above, our resolution of this issue turns on whether the sanction is civil or criminal in nature, which we determine by looking to the trial court's "dominant purpose." *Crozer–Chester, supra*. In civil contempt, the contemnor "is able to purge himself of the contempt and thus holds the key to the jailhouse door"; that is, he may relieve himself of the sanction by complying with the court's order. *Diamond v. Diamond*, 715 A.2d 1190, 1194 (Pa.Super.1998). In criminal contempt, the contemnor is punished with a fixed term of imprisonment or fine that he is "powerless to escape by compliance." *Id.*

¶ 14 Both Gunther and the trial court characterize Bolus' contempt adjudication as civil. "The purpose of civil contempt is to compel performance of lawful orders, and in some instances, to compensate the complainant for the loss sustained." *Cecil Township v. Klements*, 821 A.2d 670, 675 (Pa.Commw.2003). When contempt is civil, "a court must impose conditions on the sentence so as to permit the contemnor to purge himself." *Id.* Because the trial court failed to do so here, we must vacate its sanction and remand for re-sanctioning.

¶ 15 In *Crozer–Chester*, a protestor was held in civil contempt for violating prior contempt orders and an order enjoining him from entering onto the plaintiff's property. The trial court ordered the protestor to pay a $1,500 fine or go to jail for 45 days. 560 A.2d at 134–35. On appeal, the protestor argued that because he could not purge himself of his past conduct at the time the fine was imposed, he had been made liable for criminal contempt without the proper procedural safeguards. *Id.* at 135. The plaintiff argued that the sanction was civil because the fine was conditional and was intended to coerce the protestor into complying with the court's orders.

¶ 16 Our Supreme Court found that the trial court's dominant purpose was to impose a fixed fine as a result of the protestor's past violations. *Id.* at 138. Although "the procedural indicia of civil contempt" were present, the order contained "no provision which empowered Appellant to escape it once it was imposed." *Id.* 138–39. Therefore, the sanction was criminal and was improperly imposed without the procedural safeguards afforded a criminal defendant. *Id.* at 138 (citing 42 Pa.C.S.A. § 4136). Accordingly, the Supreme Court vacated the contempt order and remanded to the trial court for further proceedings.

¶ 17 Likewise, although the "procedural indicia of civil contempt" are present in this case, we conclude that the bond requirement renders Bolus' sanction criminal. The bond is neither compensatory

nor conditional. More significantly, the order contains no provision allowing Bolus to purge the contempt. The bond will continue to be posted as long as Bolus refrains from trespassing on Gunther's property indefinitely. In this circumstance, the bond is the equivalent of a fixed fine that Bolus is powerless to escape. *See Diamond*, 715 A.2d at 1194 (holding contempt order was criminal because fine imposed was unconditional, payable to court, and "beyond appellant's power to escape").

¶ 18 We find the recent case of *Wolanin v. Hashagen*, 829 A.2d 331 (Pa.Super.2003), instructive here. In *Wolanin*, the plaintiffs filed an action against their neighbors to determine ownership of an adjacent pond. The trial court found that the plaintiffs owned the pond and entered a decree prohibiting the neighbors from using it. *Id.* at 331. The neighbors continued to use the pond in violation of the order, so the plaintiffs moved for a finding of contempt and imposition of sanctions. After a hearing, the trial court found the neighbors in contempt and ordered them to post a $25,000 bond conditioned on their compliance with its prior order. *Id.* at 332. The neighbors appealed.

¶ 19 Before turning to the merits, this Court *sua sponte* addressed the issue of whether the contempt order was a final, appealable order. Relying on a recent *en banc* decision, this Court noted that " 'for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and that no further court order be required before the sanctions take effect.' " *Id.* at 333 (quoting *Foulk v. Foulk*, 789 A.2d 254, 258 (Pa.Super.2001) (*en banc*)). Because the bond requirement itself was a sanction, this Court held that the contempt order was final and appealable. This was especially true, the Court noted, because the bond requirement could not be purged:

[W]e conclude that the bond requirement is itself a sanction that cannot be purged. Even though Appellants may not have suffered any immediate out-of-pocket loss by posting a bond, they have nevertheless been required to risk a significant amount of money and the potential loss of their home. The bond is conditioned on their continued compliance with the 1995 order, but the mechanism for determining such compliance is far from clear. . . .

Appellants have no power to purge themselves of the contempt finding. They have no power to purge themselves of the bond requirement. They may have the power to avoid paying under the terms of the bond, but only by continued compliance with the prior order. Again, it is unclear from the record who would decide that Appellants are in compliance or how such a determination would take place.

*Id.* Because the trial court did not issue findings of fact, however, this Court declined to review the merits of the appeal and remanded for further proceedings.

¶ 20 Similarly, the trial court in this case required Bolus to post bond. While *Wolanin* did not address whether this type of sanction was civil or criminal, this Court's conclusion that the bond requirement and contempt finding could not be purged indicates that such a sanction is criminal, not civil. *See Cecil Township*, 821 A.2d at 675 (when contempt is civil, "a court must impose conditions on the sentence so as to permit the contemnor to purge himself"); *Garr*, 773 A.2d at 191 (contempt order is civil if contemnor is given opportunity to purge himself before punishment is imposed).

## IV. Conclusion

¶ 21 We conclude that the trial court's dominant purpose in requiring Bo-

lus to post bond was to punish him for his past violation and his history of violating court rules and orders. The trial court offered the following explanation for its sanction:

> We needed to impress upon Mr. Bolus the seriousness of his actions. We also needed to impose a sentence that would keep Mr. Bolus from violating the Order again. Thus, we issued the suspended sentence and required the bond be posted in order to prevent continuing violations.

(Trial Court Op., 10/24/03, at 2.) It is true that the trial court sought to coerce Bolus' future compliance with its prior order; however, that was not its primary purpose. While "[a] court may exercise its civil contempt power to enforce compliance with its orders for the benefit of the party in whose favor the order runs," it may not inflict punishment. *Garr*, 773 A.2d at 189; *see Crozer–Chester*, 560 A.2d at 138 (finding court's purpose of coercing compliance "was ancillary and cannot work to transform the proceeding from criminal to civil"). The trial court obviously felt the need to craft a punitive sanction that would, in its own words, "impress upon Mr. Bolus the seriousness of his actions." (Trial Court Op., 10/24/03, at 2.) This was an abuse of discretion. *Garr*, *supra*.

¶ 22 Accordingly, we affirm the trial court's finding of contempt but vacate the portion of the contempt order imposing sanctions. We remand this matter to the trial court for imposition of a proper civil sanction in accordance with this memorandum.[2]

---

2. The trial court may, for example, condition the prison sentence on Bolus' payment of any losses Gunther incurred as a result of his trespass (although there does not appear to be any evidence of property damage). Or the trial court may condition the sentence on Bolus' payment of Gunther's counsel fees and costs incurred in litigating the contempt petition.

¶ 23 Order affirmed in part and vacated in part. Case remanded for re-sanctioning. Jurisdiction relinquished.

¶ 24 BECK, J., concurs in the result.