J-A04045-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MARCOS SANCHEZ, M.D. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MEHDI NIKPARVAR, M.D. AND | : | |
| INCARE, LLC | : | |
| | : | No. 2665 EDA 2017 |
| | : | |
| APPEAL OF: MEHDI NIKPARVAR, | : | |
| M.D. | : | |

Appeal from the Orders Dated August 10, 2017
In the Court of Common Pleas of Carbon County Civil Division at No(s):
11-0247

BEFORE:   LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED MARCH 21, 2019**

Appellant, Mehdi Nikparvar, M.D., appeals from two orders entered by the trial court on August 10, 2017.[1]  In the first order, the trial court adjudicated Appellant guilty of contempt, sentenced him to thirty (30) days imprisonment, and stated that Appellant could purge the sentence of imprisonment upon paying $77,311.14 to Appellee, Marcos Sanchez, M.D., (Sanchez) before October 1, 2017.  The second order denied Appellant's

_____

[1] ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) does not apply because this appeal was filed before June 1, 2018.

_____

*   Retired Senior Judge assigned to the Superior Court.

motion to recuse and motion to dismiss the contempt petition. We affirm both orders.

This matter arises out of Appellant's non-payment of a judgment of costs in a Pennsylvania Wage Payment and Collection Law ("WPCL") case.[2] Appellant was the medical administrator and executive officer of Incare, LLC. Incare provided physicians to hospitals to meet their in-house medical needs. Appellee, Marcos Sanchez, M.D., was employed by Incare from 2008-2010. Sanchez was terminated in 2010, and in 2011 instituted a lawsuit against Appellant and Incare for breach of contract and violation of the WPCL for unpaid wages. After a jury trial at which Appellant and Incare failed to appear, judgment was entered in Sanchez's favor. Appellant and Incare filed a notice of appeal and this Court affirmed the trial court's judgment. ***Sanchez, M.D. v. Nikparvar, M.D., and Incare, LLC***, 141 A.3d 601 (Pa. Super. 2016) (unpublished memorandum). Although the panel did not find the appeal to be wholly frivolous, it remanded to the trial court for a reward of costs to Sanchez, as the prevailing party, pursuant to Pa.R.A.P. Chapter 27. Unpublished memorandum at 11. In a November 17, 2016 order, the trial court ordered Appellant to pay Sanchez $77,311.14 in attorneys' fees incurred in the appeal.[3]

---

[2] 43 P.S. §§ 260.1-260.45

[3] Attorneys' fees are recoverable as costs under the WPCL. 43 P.S. § 260.9a (f).

On March 24, 2017, Sanchez filed a petition with the trial court asking the court to find Appellant in contempt of court for failing to comply with the trial court's November 17, 2016 order. Appellant was notified that a hearing was scheduled. On April 17, 2017, Appellant filed a *pro se* motion to recuse. On June 5, 2017, counsel for Appellant entered his appearance. The hearing on the contempt petition and motion to recuse was continued several times. Ultimately, it was scheduled for August 10, 2017. Appellant filed a second *pro se* motion on August 8, 2017, to dismiss the contempt petition. A hearing on that motion was also scheduled for August 10, 2017. Appellant's counsel appeared at the August 10, 2017 hearing, but Appellant himself failed to appear.

On August 10, 2017, the trial court found Appellant in contempt of court for violating the court's November 2016 order. The court sentenced Appellant to thirty (30) days imprisonment and stated that Appellant could purge himself of the prison sentence by paying $77,311.14 to Sanchez before October 1, 2017. The court denied Appellant's motion to recuse and motion to dismiss. On August 17, 2017, Appellant filed this timely *pro se* appeal.

Appellant raises the following issues on appeal:

1. Did the trial court erroneously find the Appellant in contempt?
2. Did the trial judge abuse its discretion and commit an error of law in failing to recuse himself?

Appellant's Brief at 6.

We conclude that Appellant's arguments are meritless and affirm the trial court's orders. The contempt at issue here is civil, not criminal contempt. The characteristic that distinguishes civil from criminal contempt is the ability of the contemnor to purge himself of contempt by complying with the court's directive. **In re Estate of DiSabato**, 165 A.3d 987, 992 (Pa. Super. 2017); **Sinaiko v. Sinaiko**, 664 A.2d 1005, 1009 (Pa. Super. 1995). If he is given an opportunity to purge himself before imposition of punishment, the contempt Order is civil in nature. **In re DiSabato,** 165 A.3d at 992. Here, the court clearly imposed civil, not criminal contempt, by giving Appellant the opportunity to purge himself of the imprisonment by payment of the money owed to Sanchez.

In order to establish that a party is in civil contempt, there must be proof by a preponderance of the evidence that the contemnor had notice of the specific order that he is alleged to have disobeyed, that the act that constituted the contemnor's violation was volitional, and that the contemnor acted with wrongful intent. **Cunningham v. Cunningham**, 182 A.3d 464, 471 (Pa. Super. 2018); **Gunther v. Bolus**, 853 A.2d 1014, 1017 (Pa. Super. 2004).

In considering a finding of contempt, we bear in mind our standard of review:

> This court's review of a civil contempt order is limited to a determination of whether the trial court abused its discretion. If a trial court, in reaching its conclusion, overrides or misapplies the law or exercises judgment which is manifestly unreasonable, or

reaches a conclusion that is the result of partiality, prejudice, bias or ill will as shown by the evidence of record, then discretion is abused.

***Cunningham***, 182 A.3d at 471 (citations and quotation marks omitted).

Appellant contends that Sanchez did not prove the elements of contempt. We find this issue waived. This Court has held, pursuant to Pa.R.A.P. 1911, that when the certified record does not include all transcripts necessary for meaningful review, the appellant waives all issues that cannot be resolved in the absence of the transcripts. ***Commonwealth v. Preston***, 904 A.2d 1, 7 (Pa. Super. 2006) (*en banc*). When transcripts are missing from the record, "it is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts." ***Id.***

Here, no transcript of the August 10, 2017 hearing appears in the trial court record and there is no showing that Appellant ever ordered that transcript. There is an order form attached to the Appellant's *pro se* notice of appeal titled "transcript request form," however, it requests transcripts from a "motion for reconsideration" hearing, and no hearing date is included in the request. Additionally, neither party discusses or cites to the transcripts in their briefs, leading this Court to believe the transcript was not ordered. We find this first issue waived.

Even if it were not waived, Appellant's claim is without merit because the record is clear that Appellant was ordered to pay money, that he had notice and did not pay for over eight months. There can be no dispute the

Order was violated as shown by circumstantial evidence. There is no dispute that Appellant had notice of the November 16, 2017 Order. Because Appellant did nothing to comply for a period of over eight months despite knowledge of the order, the trial court could infer that his conduct was volitional and with wrongful intent. The elements of civil contempt may be proved by circumstantial evidence and logical inference from other facts. *See Commonwealth v. Reese*, 156 A.3d 1250, 1258 (Pa. Super. 2017). Wrongful intent can be inferred where it is clear from the language of the court order that the conduct in question violates the court order and the evidence shows that the contemnor knowingly failed to comply. *Id.* at 1258-60; *Commonwealth v. Lambert*, 147 A.3d 1221, 1227 (Pa. Super. 2016).

Appellant's claim that he could not be imprisoned for contempt because he lacks money to pay likewise fails. If the alleged contemnor is unable to perform and has, in good faith, attempted to comply with the court order, then contempt is not proven. *Cunningham*, 182 A.3d at 471. The contemnor has the burden to prove the affirmative defense that he lacks the ability to comply. *Id.*; *Thomas v. Thomas*, 194 A.3d 220, 226 (Pa. Super. 2018).

Appellant argues he showed inability to pay because his attorney offered into evidence paperwork from the Internal Revenue Service (IRS). We do not agree. The IRS paperwork that counsel attempted to introduce at the August 10, 2017 hearing was not authenticated. We conclude that the trial court

properly declined to admit it into evidence. Appellant failed to appear at the hearing. He failed to prove anything in regard to his inability to pay. To the extent that we can review the IRS paperwork,[4] we agree with the trial court that it was insufficient to show an inability to pay and merely shows that Appellant owed money to the IRS, another creditor in addition to Sanchez. It did not show Appellant's financial resources. We find this issue meritless.

Appellant also argues that he was not given sufficient notice of the August 10, 2017 hearing. We find this argument meritless and belied by the certified record. Appellant clearly received notice of the August 10, 2017 hearing, based on the Scheduling Orders sent to him and his counsel.[5] This is further evidenced by the appearance of his counsel at the hearing.[6] Appellant's due process rights were not violated.

_____

[4] These documents appear in the trial court record as an exhibit to Appellant's August 8, 2017 motion to dismiss.

[5] The 3/28/17 and 4/21/17 scheduling order sent to Appellant contained the language "[c]ounsel and/or parties are attached for hearing on this date or any continued date." The 5/3/17 and 6/12/17 scheduling orders sent to Appellant or counsel contained the language "counsel are attached on this date or any continued date." We find this distinction to be without merit, as the prior orders contained the language "**or any continued date**."

[6] Appellant also contends that he did not receive sufficient notice for the August 10, 2017 hearing because the 8/8/17 scheduling order did not reach him in time. This argument is meritless because it does not change the fact that Appellant did have prior notice of the August 10, 2017 hearing.

Appellant's claim that the trial court erred in denying his motion to recuse is equally meritless. On disqualification motions, the movant bears the burden of demonstrating bias, prejudice, or unfairness raising a substantial doubt as to the ability of the jurist to whom the motion is directed to proceed impartially. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 89 (Pa. 1998). The judge determines whether he is able to proceed in an impartial manner and whether her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. *Id.* The appellate review is for abuse of discretion. *Id.*; *Commonwealth v. Miller*, 951 A.2d 322, 328 (Pa. 2008) (*per curiam*).

We find that the trial judge properly denied Appellant's motion to recuse. The only ground offered for recusal in Appellant's motion was that the trial judge questioned Appellant's reliability in a July 31, 2015 letter to the Superior Court. That is not a sufficient ground for recusal. Additionally, Appellant argues in his brief that the trial court erred in failing to recuse itself because it found Appellant not credible in an opinion dated April 13, 2013, and because it made rulings adverse to Appellant. Those are not sufficient grounds for recusal. We agree with the trial court that, "[s]imply because a court makes a credibility determination adverse to a party does not, in and of itself, suggest or intimate bias or prejudice." Trial Court Opinion, filed August 23, 2018, at 6. Adverse rulings alone do not establish the requisite bias warranting recusal,

especially where the rulings are legally proper. ***Abu-Jamal***, 720 A.2d at 90.

This issue is without merit.

We affirm the trial judge's Orders of August 10, 2017.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/21/19