J-A02027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| LORRIEANN P. ROSEMEIER AND ROBERT J. ROSEMEIER | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| STEPHEN P. POORMAN AND STEPHEN POORMAN AND COMPANY, INC. | : | |
| Appellants | : | No. 748 MDA 2023 |

Appeal from the Order Entered April 20, 2023
In the Court of Common Pleas of Clinton County
Civil Division at No(s): 326-2018 CV

BEFORE: NICHOLS, J., KING, J., and SULLIVAN, J.

MEMORANDUM BY KING, J.: **FILED: AUGUST 6, 2024**

Appellants, Stephen P. Poorman and Stephen Poorman and Co., Inc., appeal from the order entered in the Clinton County Court of Common Pleas, which found Appellants in contempt. We affirm.

The relevant facts and procedural history of this case are as follows. Appellee LorrieAnn P. Rosemeier, and Robert J. Rosemeier, were married in September 2008. They separated in 2014, and Mr. Rosemeier moved to Lock Haven, Pennsylvania, where he operated several real estate properties including, relevant to this case, the Collision Center. The Collision Center is a 50,000 square foot warehouse and dialysis center, which Appellee and Mr. Rosemeier owned as tenants by the entireties. Mr. Rosemeier engaged Appellants to provide advice and assistance with financial and real estate

matters and executed a power of attorney under which Appellants could enter into lease agreements for the Collision Center.

Appellee initiated this action in March 2018, alleging that Appellants improperly used the power of attorney against the interest of Mr. Rosemeier. Although Appellee initiated this action individually, she successfully petitioned to add Mr. Rosemeier as an involuntary plaintiff[1] in an amended complaint filed in September 2018.[2]

_____

[1] **See** Pa.R.C.P. 2227(b) (stating that if person who must be joined as plaintiff refuses to join, he shall, in proper case, be made defendant or involuntary plaintiff when substantive law permits such involuntary joinder). "[T]he law permitting involuntary joinder is surpassingly narrow" and applies only in one of four instances, including where "[t]he willing plaintiff and the unwilling person are joint tenants or tenants by the entireties and the action is brought to preserve or recover the jointly owned property or damages for injury to such property." **Altoona Regional Health System v. Schutt**, 100 A.3d 260, 269 (Pa.Super. 2014).

[2] Mr. Rosemeier died in November 2019. Appellee did not petition to substitute Mr. Rosemeier's estate as a party. We recognize that in general "the death of a party deprives the trial court of subject matter jurisdiction over litigation by or against the deceased until such time as the deceased's personal representative is substituted in his or her place." **Jones v. McGreevy**, 270 A.3d 1, 23-24 (Pa.Super. 2022), *appeal denied*, ___ Pa. ___, 280 A.3d 867 (2022) (internal footnote omitted). Here, no suggestion of death or substitution of a personal representative for Mr. Rosemeier was filed following his death. Nevertheless, the instant case presents a unique procedural posture wherein the personal representative of Mr. Rosemeier's estate was initially Appellant Stephen Poorman, the defendant in the instant action. Thus, had Mr. Poorman sought to represent Mr. Rosemeier's estate in this action, he would have appeared on both sides of the docket, as a plaintiff on behalf of the estate of Mr. Rosemeier, and as defendant in his own capacity and that of his company. In other litigation concerning the validity of Mr. Rosemeier's will, this Court held that there was a conflict of interest with Mr. Poorman acting as administrator of Mr. Rosemeier's estate and remanded to the trial

*(Footnote Continued Next Page)*

On February 3, 2020, Appellee filed an emergency petition for a special injunction requesting that the trial court enter an order that would, *inter alia*, prohibit Appellants from accepting and retaining payments from the Collision Center. On June 18, 2020, the court conducted a hearing on the emergency petition. The next day, the court entered an order directing Appellants to "remit rental payments received from December 1, 2019 through the present to [Appellee]" and prohibiting Appellants "from accepting and/or retaining rental payments from, and otherwise having any involvement of any kind or degree" in the rental properties. (Trial Court Order, 6/19/20). On July 31, 2020, Appellants filed a motion for clarification, questioning whether gross rental income or net rental income was to be remitted to Appellee. On August 4, 2020, the court issued an order confirming that Appellants "shall not collect any rental revenue, pay any expenses, write or renew rental agreements and

_____

court for Mr. Poorman to be removed as the estate's personal representative and for appointment of a new executor. **See In re Estate of Rosemeier**, 303 A.3d 761 (Pa.Super. filed July 18, 2023) (unpublished memorandum). Further, the court granted Appellee's petition to join Mr. Rosemeier as an involuntary plaintiff because they owned the Collision Center as tenants by the entireties which had made Mr. Rosemeier an indispensable party to the action. Once Mr. Rosemeier died, however, the property passed to Appellee and Mr. Rosemeier was no longer an indispensable party to the action. **See Plastipak Packaging, Inc. v. DePasquale**, 937 A.2d 1106, 1109 (Pa.Super. 2007) (explaining that "[a] conveyance of either real or personal property to a husband and wife, without more, vests in them an estate by the entireties and upon the death of either, the survivor takes the whole"). Under these circumstances, we do not consider the failure to file a notice of death or to substitute a personal representative for Mr. Rosemeier in the caption as divesting the trial court of subject matter jurisdiction.

- 3 -

or manage" the properties. (Trial Court Order, 8/4/20).

On July 28, 2022, Appellee filed a petition for contempt against Appellants alleging that they had violated the court's June 19, 2020, and August 4, 2020 orders. The court conducted a hearing on the matter on January 26, 2023. The court entered an opinion and order on April 20, 2023, finding Appellants in contempt. Specifically, the court found that Collision Industries had originally been paying rent in the amount of $6,050.00 per month; however, "Collision Industries reduced the monthly rental payment from the $6050.00 per month to $605.00 per month and the remainder of $5,445.00 per month was paid to [Appellant Poorman] in his capacity as Executor of the Estate of Robert J. Rosemeier." (Trial Court Opinion, filed 4/20/23, at 2). The court found that the "division of payment was done without the [c]ourt's knowledge or consent" and noted that "[t]he $5,445.00 has been placed into a separate real estate account and kept separate from other Estate assets." (*Id.*) The court further noted that "[t]he modification of the rent payment was made without consulting the property owner, [Appellee]." (*Id.*) Ultimately, the court concluded that Appellants did not have the right or authority to modify the monthly rental payments. (*Id.* at 3). Therefore, the court ordered Appellants to transfer all unpaid rent to Appellee. As a sanction for contempt, the court awarded interest on the unpaid amount at the rate of 6% per year. (*Id.*)

Appellants filed a timely notice of appeal on Monday, May 22, 2023.

Pursuant to the trial court's order, Appellants filed a concise statement of errors complained of on appeal on June 8, 2023.

Appellants raise the following issues on appeal:

A. Whether the trial court committed an error of law/abuse of discretion in acting upon Appellee's contempt petition, when the petition did not contain a verification signed by the plaintiff, as required by Pa.R.C.P. 1024?

B. Whether the [trial] court committed an error of law/abuse of discretion in determining the monthly rental rate for the property when a separate matter for ejectment and damages is pending before the federal court for the Middle District of Pennsylvania requesting damages based upon a claim for back rental payments, in violation of the supremacy clause of the United States Constitution?

C. Whether the [trial] court committed an error of law/abuse of discretion in finding [Appellants] in civil contempt when the prior orders of the [trial] court were not sufficiently "definite, clear & specific"?

D. Whether the [trial] court committed an error or law/abuse of discretion in finding that [Appellants'] actions that took place approximately six months and more prior to the relevant orders of court could form a basis for a finding of civil contempt?

E. Whether the [trial] court committed an error or law/abuse of discretion in failing to perform a legal analysis of the standards for a finding of civil contempt in its April 20, 2023 opinion and order?

(Appellants' Brief at 7-8) (unnecessary capitalization omitted).

In their first issue, Appellants claim that the trial court erred when it acted on Appellee's contempt petition, which Appellants allege did not contain a signed verification by Appellee, as required by Rule of Civil Procedure 1024. Appellants argue that the failure to attach a signed verification is not a legal

technicality which may be ignored by the court. Rather, Appellants contend that such an egregious failure should have caused the court to find Appellee's issues waived. Furthermore, Appellants argue that although they did not plead the lack of verification as a defense, they adequately raised the issue before the trial court in their memorandum of law opposing Appellee's motion for contempt. Appellants conclude that Appellee's failure to include the verification was fatal to their petition and this Court should vacate the contempt order. We disagree.

Appellants' first issue implicates the Pennsylvania Rules of Civil Procedure. "Issues regarding the operation of procedural rules of court present us with questions of law. Therefore, our standard of review is *de novo* and our scope of review is plenary." ***Green Acres Rehab. & Nursing Ctr. v. Sullivan***, 113 A.3d 1261, 1267 (Pa.Super. 2015) (citations and internal quotation marks omitted).

Pennsylvania Rule of Civil Procedure 1024(a) provides:

> (a) Every **pleading** containing an averment of fact not appearing of record in the action or containing a denial of fact shall state that the averment or denial is true upon the signer's personal knowledge or information and belief and shall be verified. The signer need not aver the source of the information or expectation of ability to prove the averment or denial at the trial. A pleading may be verified upon personal knowledge as to a part and upon information and belief as to the remainder.

Pa.R.C.P. 1024(a) (emphasis added).

Pennsylvania Rule of Civil Procedure 1017(a) states:

(a) Except as provided by Rule 1041.1 [(relating to asbestos litigation)], the pleadings in an action are limited to

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

(3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

(4) a preliminary objection and a response thereto.

Pa.R.C.P. 1017(a).

Instantly, Appellee's petition for contempt does not constitute a pleading containing an averment of fact as defined by the Rules of Civil Procedure. **See** Pa.R.C.P. 1017(a); 1024(a). Therefore, Appellee was not required to attach a verification to the petition for contempt. **See id.** Accordingly, Appellants' first issue merits no relief.

In their second issue, Appellants assert that the trial court erred when it determined the monthly rental rate for Collision Industries, Inc. and ordered Appellants to remit to Appellee rental payments at a rate of $6,050.00 per month. Appellants argue the rental payment was only $605.00 per month. Appellants claim that the rental rate for the property is the subject of a separate case that is currently pending in the U.S. District Court for the Middle District of Pennsylvania.[3] Appellants insist that the trial court's order requiring

---

[3] The federal case, **Rosemeier v. Collision Industries, Inc.**, No. 4:22-CV-00659, 2023 WL 5351993 (M.D.Pa. Aug. 21, 2023), concerned a dispute
*(Footnote Continued Next Page)*

Appellants to pay back rental payments, and assuming a rental rate of $6,050.00, violates the Supremacy Clause in "a clear case of a state court stepping on the toes of a Federal Court in a pending civil matter." (Appellants' Brief at 21-22). Appellants conclude that this violation of the Supremacy Clause renders the trial court's ruling unconstitutional, and that this Court must grant Appellants relief.[4] We disagree.

Generally, under the Supremacy Clause, all conflicts between federal

---

between Mrs. Rosemeier and Collision Industries, Inc., wherein Mrs. Rosemeier sought to eject Collision Industries, Inc., from the Collision Center property. In August 2023, the federal district court granted Mrs. Rosemeier's motion for summary judgment, concluding that, based on the court's finding that the property passed to Mrs. Rosemeier after Mr. Rosemeier's death, Mrs. Rosemeier is the only person or entity with the right to possess the property and, as a matter of law, Collision Industries had no defense against ejectment. Additionally, the federal district court granted Mrs. Rosemeier's request for a trial on damages related to Collision Industries's continued unlawful occupation of the property. *See id.* Notably, Appellants did not file an application for relief in this case seeking a stay of proceedings pending any decision in the federal case.

[4] Appellants do not claim that the trial court erroneously applied Pennsylvania law that had been preempted by controlling federal law. Rather, Appellants insist that the Supremacy Clause acts as "a directive that state courts are prevented from directing Federal Courts on pending issues" (Appellants' Brief at 21). In support of this argument, Appellants cite a single federal district court case, *Kalinoski v. Evans*, 377 F.Supp.2d 136 (D.D.C. 2005), wherein the district court for the District of Columbia, explained that the Supremacy Clause would "prevent a state from directing a federal court with regard to the evidence it may order produced in the adjudication of a federal claim." *Kalinoski, supra* at 141. It is well settled that "[t]he decisions of the federal district courts and courts of appeal, including those of the Third Circuit Court of Appeals, are not binding on Pennsylvania courts, even when a federal question is involved." *Martin v. Hale Prod., Inc.*, 699 A.2d 1283, 1287 (Pa.Super. 1997).

and state laws must be resolved in favor of federal law. "Federal laws are the supreme law of the land; thus, any state law that conflicts with the federal law is 'without effect.'" ***Coffey v. Minwax Co.***, 764 A.2d 616, 619 (Pa.Super. 2000) (citation omitted). The United States Supreme Court has recognized three ways in which federal law may preempt, and thereby displace, state law: (1) "express preemption," (2) "field preemption" (also termed "implied preemption"), and (3) "conflict preemption." ***Werner v. Plater-Zyberk***, 799 A.2d 776, 787 (Pa.Super. 2002), *appeal denied*, 569 Pa. 722, 806 A.2d 862 (2002) (citation omitted). Nevertheless, "[t]here is no hierarchical arrangement between state courts and federal courts that exercise jurisdiction within that state. Under the federal system, the states possess sovereignty concurrent with that of the federal government." ***Id.*** at 788 (citation omitted).

Instantly, the issue of whether Appellants were in contempt of the court's order does not involve a state law that has been preempted by federal law. Moreover, Appellants have cited no authority wherein the Supremacy Clause was applied to bar a state court from issuing a ruling based on Pennsylvania state law because there was a related matter currently pending before the federal court. ***See Werner, supra***. Therefore, the Supremacy Clause is not implicated in this case and did not bar the trial court from granting Appellee's petition for contempt. As such, Appellants' second issue merits no relief.

In their third and fourth issues combined, Appellants contend that the

trial court erred when it found Appellants in contempt. Appellants allege that the court's orders which Appellants allegedly violated were not sufficiently definite, clear, and specific. Specifically, Appellants claim that the June 19, 2020 order does not prohibit them from collecting and retaining monthly payments that were made to Mr. Rosemeier during his lifetime as income. Appellants characterize the monthly sum of $6,050.00 as "payments on behalf of the estate of Robert J. Rosemeier from the ownership of Collision Industries, Inc." Appellants further argue that the order did not prohibit the Board of Directors of Collision Industries, Inc. from continuing to pay Mr. Rosemeier's Estate after he passed away and designating $605.00 of that amount as land rent. (Appellants' Brief at 24).

Appellants also claim that they could not be in contempt based on their receipt of rental payments from December 2019 through June 2020, because the court had not yet issued any order. Thus, Appellants insist they lacked notice of any order they were violating that was not yet in effect. Appellants conclude that the trial court erred in finding them in contempt on these grounds, and this Court must grant relief. We disagree.

Our standard of review from an order denying a petition for civil contempt is well settled. "This Court will reverse a trial court's order denying a civil contempt petition only upon a showing that the trial court misapplied the law or exercised its discretion in a manner lacking reason." ***MacDougall v. MacDougall***, 49 A.3d 890, 892 (Pa.Super. 2012), *appeal denied*, 621 Pa.

679, 75 A.3d 1282 (2013) (citation omitted). "In proceedings for civil contempt of court, the general rule is that the burden of proof rests with the complaining party to demonstrate that the defendant is in noncompliance with a court order." *Id.*

> For a person to be found in civil contempt, the moving party must prove that: (1) the contemnor had notice of the specific order or decree that he disobeyed; (2) the act constituting the violation was volitional; and (3) the contemnor acted with wrongful intent. *Marian Shop, Inc. v. Baird*, 670 A.2d 671, 673 (Pa.Super. 1996). The order alleged to have been violated "must be **definite, clear, and specific**—leaving no doubt or uncertainty in the mind of the contemnor of the prohibited conduct" and is to be strictly construed. *Id.* (emphasis in original).

*Gunther v. Bolus*, 853 A.2d 1014, 1017 (Pa.Super. 2004), *appeal denied*, 578 Pa. 709, 853 A.2d 362 (2004) (citation formatting provided). "The purpose of a civil contempt proceeding is remedial. Judicial sanctions are employed to coerce the defendant into compliance with the court's order, and in some instances, to compensate the complainant for the losses sustained." *Stahl v. Redcay*, 897 A.2d 478, 486 (Pa.Super. 2006) (citation omitted).

Instantly, the trial court found Appellants in contempt of two orders. The first, entered on June 19, 2020, provides as follows:

> 1. [Appellee's] Emergency Petition for Special Injunction filed February 3, 2020, is GRANTED.
>
> 2. [Appellants] are prohibited from accepting and/or retaining rental payments from, and otherwise having any further involvement of any kind or degree, in the following five (5) real estate parcels:
>
> > a. Clinton County Tax Parcel No. F-03-18 (401 Mackey

Avenue, Lock Haven, Clinton County, Pennsylvania);

b. Clinton County Tax Parcel No. B-05-A (241 South Hanna Street, Lock Haven, Clinton County, Pennsylvania);

c. Clinton County Tax Parcel No. B-05-B (229/257 Nestlerode Street, Lock Haven, Clinton County, Pennsylvania);

d. Clinton County Tax Parcel No. B-05-C (South Washington Street, Lock Haven, Clinton County, Pennsylvania; and

e. Tioga County Tax Parcel No. 14-5-5B (179 Quail Lane, Tioga, Pennsylvania).

3. Within thirty (30) days of today's date, [Appellants] shall remit rental payments received from December 1, 2019 through the present to [Appellee's] counsel along with a complete itemized accounting setting forth all receipts and expenses.

4. Within ten (10) days of today's date, [Appellants] shall inform all current tenants in writing that all future rental payments shall be made directly to [Appellee] Lorrie[A]nn P. Rosemeier.

5. Within ten (10) days of today's date, [Appellants] shall provide [Appellee] Lorrie[A]nn P. Rosemeier with true and correct copies of all active leases and tenant contact information.

6. Pending either the exercise or expiration of [Appellee] Lorrie[A]nn P. Rosemeier's right of election against her late husband's estate, Lorrie[A]nn P. Rosemeier is prohibited from transferring, encumbering, alienating, gifting, selling, or in any way causing a defect to the title of the afore-described five (5) real estate parcels absent Order of Court.

(Trial Court Order, 6/19/20). After Appellants filed a motion for clarification, the trial court issued a second order on August 4, 2020, which provided:

AND NOW, this 4th day of August, 2020, this Honorable Court hereby confirms that [Appellant] Stephen P. Poorman shall not collect any rental revenue, pay any expenses, write or renew rental agreements and or manage properties situated at:

257 South Hannah Street, Lock Haven, Pennsylvania

229 South Hannah Street, Lock Haven, Pennsylvania

401 Mackey Avenue, Lock Haven, Pennsylvania

151 Quail Lane, Tioga, Pennsylvania

179 Quail Lane, Tioga, Pennsylvania

189 Quail Lane, Tioga, Pennsylvania

and that [Appellants] Stephen P. Poorman, Stephen Poorman & Company, Inc., and the Estate of Robert J. Rosemeier shall have no further duties or obligations surrounding the operation of the above properties effective June 19, 2020, barring further Order of Court.

(Trial Court Order, 8/4/20).

Following Appellee's motion for contempt, the trial court found that at the time of the order requiring Appellants to pay all rental payments from December 1, 2019 to the present, Collision Industries was paying rent in the amount of $6,050.00 per month. Thereafter, the court found that Collision Industries paid only $605.00 monthly, and the remaining $5,445.00 was paid to Appellant Poorman in his capacity as executor of the Estate of Robert J. Rosemeier and placed into a real estate account, separate from other estate assets. The trial court rejected Appellants' argument that Collision Industries' payments were not rent and concluded that Appellants were in contempt of

the court's orders, which had prohibited Appellants from collecting rental revenue.

Upon review, we conclude that the record supports the trial court's conclusion that Appellants were in contempt of the court's orders. The June 19, 2020 order clearly and specifically provided that "[Appellants] are prohibited from accepting and/or retaining rental payments from, and otherwise having any further involvement **of any kind or degree**," in the property. (Trial Court Order, 6/19/20) (emphasis added). The court then subsequently entered an additional order "confirm[ing] that [Appellants] shall not collect any rental revenue, pay any expenses, write or renew rental agreements and or manage [the] propert[y]." (Trial Court Order, 8/4/20). The orders were sufficiently clear that Appellants were barred from collecting rental payments or having any involvement with the property. **See Gunther, supra**. Appellants' claim that they were not barred from collecting what they characterized as "income owed to the Estate of Robert Rosemeier" is disingenuous in light of the trial court's orders expressly prohibiting "any further involvement of any kind" with the property.

Further, the court's orders put Appellants on notice that they were not to collect rental payments or take any other actions concerning the Collision Center property. Therefore, when Appellants continued to receive payments for the property, in contravention of the court's orders, and failed to remit all rental payments from December 2019 through June 2020, those actions

formed the basis for the trial court's finding of contempt. Appellants' argument that the court found them in contempt for actions they took prior to the June 2020 order misconstrues the record. The June 19, 2020 order expressly stated that "Within thirty (30) days of today's date, [Appellants] shall remit rental payments received from December 1, 2019 through the present to [Appellee's] counsel along with a complete itemized accounting setting forth all receipts and expenses." (Trial Court Order, 6/19/20). The court found Appellants in contempt for failing to comply with this provision in that they failed to turn over rent which they had previously collected. Because Appellants had notice of the court's directive that they remit to Appellee rental payments received from December 2019 through June 2020, but failed to do so, the record supports the trial court's analysis.[5] Therefore, we see no error of law or abuse of discretion in the court's finding of contempt. **See MacDougall, supra**. Appellants' third and fourth issues merit no relief.

_____

[5] Appellants also claim that the trial court erred when it stated in its findings of fact that "[s]hortly after the [c]ourt's order of **June 22, 2022**, Collision Industries reduced the monthly rental payment from $6050.00 per month to $605.00 per month and the remainder of $5,445.00 per month was paid to Stephen P. Poorman in his capacity as Executor of the Estate of Robert J. Rosemeier." (Trial Court Opinion, 4/20/23, at 3) (emphasis added). We agree that this statement contains a typographical error, as there was no order entered on that date, and the land lease reducing the rent to $605.00 was entered into in December 2019. Notwithstanding this typographical error, the court's previous orders of June 19, 2020 and August 4, 2020, made clear that Appellants were to remit the full rental payment from December 2019 onward. Therefore, the court's misstatement regarding the date that the rent amount changed does not alter the fact that Appellants failed to remit to Appellee all payments collected after she received ownership of the property in 2019.

- 15 -

J-A02027-24

In their final issue, Appellants claim that the trial court erred when it did not include a full legal analysis for its finding of civil contempt in its April 20, 2023 order. Significantly, however, Appellants cite no authority requiring the trial court to articulate its legal analysis in an order finding a party in contempt, rendering this issue waived. "Failure to cite relevant legal authority constitutes waiver of the claim on appeal." **Foster v. Nuffer**, 286 A.3d 279, 284 (Pa.Super. 2022) (citing **In re Estate of Whitley**, 50 A.3d 203, 209 (Pa.Super. 2012), *appeal denied*, 620 Pa. 724, 69 A.3d 603 (2013)). **See also** Pa.R.A.P. 2119(a) (stating argument section of appellate brief must contain supporting legal authority). Moreover, as discussed above, the trial court's finding of contempt was reasonable and supported by the record. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/06/2024

- 16 -