J-A22032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| HADASSAH L. FEINBERG | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| MIKHAIL G. KURMANOV | : | |
| | : | |
| Appellee | : | No. 615 MDA 2021 |

Appeal from the Order Entered July 2, 2021
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 01615-DR-15

BEFORE: BOWES, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.:                    **FILED NOVEMBER 23, 2021**

Appellant, Hadassah L. Feinberg, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas, which denied her petition for contempt against Appellee, Mikhail G. Kurmanov. We affirm.

The trial court opinion provides the relevant facts and procedural history of this case as follows:

> The instant appeal arises from an order generated during a December 14, 2020 contempt hearing for violation of a child support/domestic relations order. At that hearing, Appellee was ordered to pay $150.00 per month, every month, until the purge amount was paid in full. Appellant filed a Motion of Contempt on February 12, 2021, and subsequently filed an Amended Motion of Contempt on March 20, 2021. An Order dated April 1, 2021 directed that the Motion of Contempt be listed by the Domestic Relations Office for the next available contempt court date. During the May 10, 2021 contempt hearing, this court found that Appellee was not in contempt of the December 14, 2020 Order, and dismissed Appellant's Motion for Contempt.

… Appellant filed a Notice of Appeal on May 14, 2021 and a Concise Statement of Errors on Appeal (hereinafter "Statement") on May 27, 2021.

(Trial Court Opinion, filed July 12, 2021, at 1).[1]

Appellant raises four issues for our review:

Did the trial court err as a matter of law and abuse its discretion by overlooking…23 Pa.C.S.A. § 4353 (a) and (b) and Pa.C.S.A. § 4345, by disregarding evidence on the record of [Appellee]'s repetitive willful and deliberate failure to report significant changes of employment and personal address within seven days to all parties relevant to the level of support?

Did the trial court err as a matter of law by failing to adequately enforce sanctions on [Appellee]'s contemptuous conduct to prevent future misconduct based on the provisions of [the] December 14th, 202[0] consent order, signed by Hon. Edward M. Marsico, Judge, and an order signed by Hon. Jeanine Turgeon, Senior Judge, in 2017 by accepting false testimony regarding payments made, and perjurious claims of inadequate income pursuant to U.S. Code § 1623 prohibiting false testimony; ***Krebs v. Krebs***, 2009 Pa.Super. 115 (Pa.Super.Ct. 2009) and ***Levenson v. Levenson***, J-A06022-18 (Pa.Super.Ct. Jun. 25, 2018)?

Did the trial court err as a matter of law by failing to obligate [Appellee] to pay all or some of the legal fees incurred by [Appellant] caused by [Appellee]'s contemptuous conduct and false testimony pursuant to…Pa.R.A.P. 2744, with regard to these and other related proceeding[s] in accordance with the provisions of the December 14th, 2020 consent order, and bad-faith conduct in this proceeding and at the *de novo* proceeding dated December 2, 2020 before Hon. John J. McNally, Judge.

Did the trial court err as a matter of law by accepting

---

[1] The trial court's May 10, 2021 order dismissing the contempt petition was not entered on the docket. Thus, on June 30, 2021, this Court directed the trial court to issue an order reflecting the court's disposition. The trial court complied and entered an amended order on July 2, 2021.

erroneous and prejudiced testimony from the Domestic Relation's Director, Mr. [Shipman], where there was an active pending complaint against a fellow Domestic Relations worker, Ms. Kim Robinson, causing a conflict of interest from the Domestic Relations Agency, where evidenced, this Director was not engaged in any separate contempt suit heard between other parties on the same date?

(Appellant's Brief at 6-7).

After a thorough review of the certified record, the briefs of the parties, and the relevant law, we conclude the record supports the trial court's analysis of Appellant's issues. Consequently, we affirm the order dismissing Appellant's petition for contempt for the reasons stated in the opinion entered by the Honorable Edward M. Marsico, Jr. on July 12, 2021.

We highlight the trial court's statement that Appellant attempted to bring issues before the court at the May 10, 2021 hearing that were beyond the scope of the contempt proceeding.[2] (*See* Trial Court Opinion at 2). On the merits of the contempt petition, Appellee confirmed that he had been making payments in compliance with the December 14, 2020 order, and Domestic Relations Support Officer Terry Shipman confirmed same. (*See id.* at 3). The court credited Officer Shipman's testimony. (*Id.* at 4). Appellee acknowledged that his January 2021 payment was short, but that he paid more in February to make up the difference. (*Id.* at 3). Thus, the court

---

[2] Likewise, in her appellate brief, Appellant raises numerous claims that stretch far beyond the scope of the court's dismissal of her contempt petition.

concluded Appellee was not in contempt and did not impose sanctions. (**Id.**)

Regarding Appellant's complaint that Appellee failed to report a change of address to the Domestic Relations Office, Appellee testified that he provided his new address and calls into the office weekly. The court credited Appellee's testimony. (**Id.**) Based on the court's finding that Appellee was not in contempt, Appellant was not entitled to any legal fees incurred with filing the contempt petition. (**Id.** at 4). On this record, we cannot say that the court abused its discretion in dismissing Appellant's contempt petition.[3] Accordingly, we affirm based on the trial court's opinion.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021

---

[3] On October 15, 2021, Appellant filed an application for relief asking this Court to enter an order allowing the trial court to resume limited jurisdiction in this case during the pendency of the appeal. In light of our disposition of the appeal, we deny the motion as moot.

- 4 -

HADASSAH FEINBERG,                    : IN THE COURT OF COMMON PLEAS OF
                 Plaintiff/Appellant  : DAUPHIN COUNTY, PENNSYLVANIA
          v.                          :
                                      : NO. 1615 DR 2015
MIKHAIL KURMANOV,                     :
                 Defendant/Appellee   : Docket No. 615 MDA 2021

## OPINION
### [Pursuant to Pa.R.A.P. 1925(a)]

Presently before the Superior Court of Pennsylvania is the appeal of Hadessah

Feinberg (hereinafter "Appellant") from an Amended July 1, 2021 Order.[1]

### PROCEDURAL HISTORY

The instant appeal arises from an order generated during a December 14, 2020

contempt hearing for violation of a child support/ domestic relations order. At that hearing,

Appellee was ordered to pay $150.00 per month, every month, until the purge amount

was paid in full. (N.T., 5/10/21, p. 2). Appellant filed a Motion of Contempt on February

12, 2021, and subsequently filed an Amended Motion of Contempt on March 20, 2021.

An Order dated April 1, 2021, directed that the Motion of Contempt be listed by the

Domestic Relations Office for the next available contempt court date. During the May 10,

2021 contempt hearing, this court found that Appellee was not in contempt of the

December 14, 2020 Order, and dismissed Appellant's Motion for Contempt.

Pursuant to Pa.R.A.P. 1925(a)(2)(i), Appellant filed a Notice of Appeal on May 14,

2021 and a Concise Statement of Errors on Appeal (hereinafter "Statement") on May 27,

2021.

---

[1] Pursuant to an Order issued on June 30, 2021 by the Superior Court of Pennsylvania, this court was directed to issue an Order to the PASCES docket reflecting the disposition of Plaintiff's Motion of Contempt during a May 10, 2021 hearing. During that proceeding, the court found that Defendant was not in contempt; however, although this was placed on the record, the Order subsequently generated did not reflect that disposition.

DATE FILED 7/12/21

                                                      ENTERED BY ___ P

## STATEMENT OF MATTERS COMPLAINED ON APPEAL

In her Statement, Appellant contends that because the Court did not discuss the basis for its decision, she is unable to state concisely what her issues are on Appeal. Nevertheless, Appellant generally argues that the Court erred as a matter of law and abused its discretion by disregarding evidence of Appellee's willful and deliberate failure to report significant changes of employment and failure to report a change of address. She also contends that the Court erred by not enforcing and sanctioning the Appellee's contemptuous conduct to prevent future misconduct. Appellant further argues that the Court erred by failing to order Appellee to pay her legal fees. Finally, Appellant contends that the Court failed to act ethically.

## DISCUSSION

When considering an appeal from an order holding a party in contempt, the Superior Court's scope of review is narrow: it will reverse only upon a showing of an abuse of discretion. Rhoades v. Pryce, 874 A.2d 148, 153 (Pa.Super.2005). The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. Godfrey v. Godfrey, 894 A.2d 776 (Pa.Super.2006). The Superior Court must place great reliance on the sound discretion of the trial judge when reviewing an order of contempt. Rhoades, 874 A.2d at 153.

During the May 10, 2021 hearing, a discussion was held on the record which indicated Appellant was unaware of what matters were to be addressed during the hearing. This was evident when Appellant stated that her first request was for retroactive modification of arrears owed by Appellee back to 2016. (Id. at 5). Support Officer Kevin

McQuillan of the Domestic Relations Office explained that the proceeding was a contempt hearing, and the only issue was Appellee's failure to pay his support. (Id. at 9).

After more discussion regarding the proper procedure to seek a modification of a support order, the Court inquired whether Appellee had failed to make any payments on the December 14, 2020 Order. (Id. at 12). Appellee indicated that he had been making the payments since the December Order and planned to continue to pay them. (Id.). Support Officer Terry Shipman confirmed that Appellee had been making the payments pursuant to the December Order. (Id.). Appellant indicated that the Appellee's January payment was short. (Id. at 13). Appellee acknowledged this and explained that he paid more in February to make up for the difference. (Id.).

To support a finding of civil contempt the complaining party must show, by a preponderance of the evidence, that a party violated a court order. Hyle v. Hyle, 868 A.2d 601, 604 (Pa.Super.2005). Here, it was determined that Appellee was paying the payments ordered during the December 14, 2020 contempt hearing. Therefore, it was found that Appellee was not in contempt and no sanctions should be imposed.

Nevertheless, Appellant argues that Appellee was in contempt when he moved and failed to provide the domestic relations office with his new address. Appellee indicated that he had provided the domestic relations office with his new address and that he calls into the office weekly. (Id. at 13). Because the court accepted Appellee's testimony in this regard, no error was made.

Appellant also argues that the court erred in failing to sanction Appellee for his contemptuous conduct to prevent future misconduct. In the same vein, Appellant argues that the court erred in failing to award her legally related fees. The court found that

Appellee was not in contempt of the December 2020 Order, accordingly, the imposition of sanctions was not appropriate.

Finally, Appellant argues that the Court erred by a matter of law by accepting erroneous and prejudiced testimony from Support Officer Shipman during the May 10th proceeding. The court acted within its discretion in accepting Officer Shipman's statements during the May 10th hearing, accordingly no error was made.

Because Appellant failed to establish any basis for an abuse of discretion in the court's determination, there was no error.

Date: 1-9-21

Respectfully submitted:

Edward M. Marsico, Jr., J.